**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

KIM WATCHMAN,

     Petitioner,

     v.                                       No. CV 14-0803 LH/CEG

ALBUQUERQUE POLICE DEPARTMENT,
STATE OF NEW MEXICO,

     Defendants.

<u>MEMORANDUM OPINION AND ORDER OF DISMISSAL</u>

This matter is before the Court, *sua sponte* under rules 4 and 11 of the Rules Governing Section 2254 Cases, on Plaintiff's "Habeous Corpus" (Doc. 1) and Petition for Writ of Habeas Corpus (Doc. 5) (together the "petition").   These pleadings have been entered on the Court's civil docket as initiating a habeas corpus proceeding.   Petitioner was in pre-trial detention when he filed his pleadings, though he has recently been released.   The petition asserts claims against a number of governmental entities and primarily seeks relief from the state criminal charges that were pending when Petitioner filed his initial pleading.   Also before the Court is Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 6).

As a preliminary matter, Petitioner's recent letter (Doc. 7) to the Court implicates the "in custody" requirement in the habeas corpus statutes and the question of mootness.   These issues arise because Petitioner's letter notifies the Court that he was recently tried and acquitted of the criminal charges, and he has been released from confinement.   The Court of Appeals for the Tenth Circuit has noted that when a petitioner files a petition for writ of habeas corpus, "[t]he statutory question is whether the [petitioner] was 'in custody' at the time [of filing].   He was; therefore, the district court had an obligation to address, but not necessarily to decide, his motion."   *United*

*States v. McConnel*, 488 F. App'x 291, 293 (10th Cir. 2012) (ruling in an appeal from a § 2255 proceeding) (citing 28 U.S.C. § 2255; *Spencer v. Kemna,* 523 U.S. 1, 7 (1998).

According to the Court of Appeals in *McConnel*, the reason that the district court did "necessarily" have to rule on the petition was that the petitioner there had "served his entire sentence." 488 F. App'x at 292.   This circumstance presented the court with

> "a 'more substantial question' . . . -- *constitutional* mootness. . . .   [T]he mootness doctrine . . . comes into play because of changed circumstances.   Th[e mootness] question 'subsists through all stages of federal judicial proceedings.'   When a prisoner . . . challenges the underlying conviction, the prisoner's release from custody does not moot the [petition] because a conviction carries collateral consequences that persist even after release."

488 F. App'x at 293 (italics in original).   In *McConnel*, because petitioner only challenged "the length of his sentence, not the validity of the conviction," *id*., he was not burdened by collateral consequences of a conviction, and his petition was moot, *see id.*

Here, Petitioner acknowledges that he was acquitted of the criminal charges, and thus no conviction was entered or sentence imposed.   As a result, he had no "substantial stake in the judgment of conviction which [could have] survive[d] the satisfaction of the sentence imposed on him."   *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968), *quoted in Castro v. Keith*, 132 F. App'x 766, 768 (10th Cir. 2005).   Because Petitioner was not convicted and has now been released, he suffers no collateral consequences of conviction and his claims are moot.   *Cf. Spencer v. Kemna*, 523 U.S. at 7-8 (discussing custody and mootness where petitioner had been released after habeas petition was filed), *cited in Olivas-Rodela v. Comfort*, 118 F. App'x 358, 360 (10th Cir. 2004). The Court will dismiss Petitioner's habeas corpus claims.

Although a habeas proceeding can serve to challenge certain matters other than a conviction or sentence, *see Preiser v. Rodriguez*, 411 U.S. 475, 499-500 & n.15 (1973), such an

action must be brought as a civil rights case unless the petitioner seeks a "quantum change in the level of custody," *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991), or a reduction of the term of imprisonment, *id.* at 380.   Because Petitioner can no longer challenge the "fact or length of his confinement," *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973); *Rhodes v. Hannigan*, 12 F.3d 989, 991-92 (10th Cir. 1993), he must bring his other claims in a civil rights action.   The Court will dismiss Petitioner's petition.

Furthermore, under rule 11 of the Rules Governing Section 2254 Cases, because Petitioner has failed to make a substantial showing of denial of a constitutional right, the Court will deny a certificate of appealability.

IT IS THEREFORE ORDERED that Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 6) is GRANTED, and he may proceed without prepayment of costs or other fees or the necessity of giving security therefor;

IT IS FURTHER ORDERED that Petitioner's petition is DISMISSED as moot, this proceeding is DISMISSED, a certificate of appealability is DENIED, and judgment will be entered.

_____

SENIOR UNITED STATES DISTRICT JUDGE